UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

PATRICK BERNARD JONES,

Plaintiff,

v.                                            CAUSE NO. 1:23-CV-246-HAB-SLC

JEFF CAMPOS, et al.,

Defendants.

OPINION AND ORDER

Patrick Bernard Jones, a prisoner without a lawyer, filed a complaint against seven defendants regarding alleged abuses at the LaGrange County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jones states that he could have filed a grievance, but he did not do so because "[he] was in fear that officers would retaliate and try to bring more harm on [him.]" ECF 1 at 6. He further claims there has "been a pattern of 'abuse' and 'evil intent' by Lagrange jail officers." *Id.* However, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a). "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Jones has not identified any affirmative misconduct on the part of jail officials which prevented him from filing a grievance. Rather, he speculates he might have suffered retaliation. His worry about possible future retaliation is not a basis for refusing to file a grievance. "[H]e had to give the system a chance." *Flournoy v. Schomig*, 152 F. App'x 535, 538 (7th Cir. 2005).

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). In this complaint, Jones admits he did not exhaust his administrative remedies before filing suit.

Nevertheless, it is possible he may have some reason other than his worry about possible retaliation which would justify his refusal to file a grievance. If he has such additional facts, he may file an amended complaint. *See Luevano v. WalMart Stores, Inc.*,

722 F.3d 1014 (7th Cir. 2013). If he has no additional facts, it would be futile for him to file an amended complaint.

For these reasons, the court:

(1) GRANTS Patrick Bernard Jones until **November 27, 2023**, to file an amended complaint containing additional facts; and

(2) CAUTIONS Patrick Bernard Jones that, if he does not respond by the deadline, this case will be dismissed without prejudice, but without further notice because he has not exhausted his administrative remedies before filing this lawsuit.

SO ORDERED on October 25, 2023.

s/ Holly A. Brady
CHIEF JUDGE
UNITED STATES DISTRICT COURT